1
2
3
4
5
6
7

CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff Michael Lopez

8

9

10

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| **Michael Lopez**, | **Case No.** 2:16-cv-01248 BRO (JPRx) |
| Plaintiff, | **Plaintiff's Opposition to Defendants' Motion to Dismiss** |
| v. | **Date:** January 9, 2017 |
| **LSJ Investments Inc.,** a California Corporation; **Maria J. Romero**; and Does 1-10, | **Time:** 1:30 p.m. <br> **Ctrm:** 7C |
| Defendants. | Honorable Beverly Reid O'Connell <br><br> Trial Date: March 14, 2017 |

19
20
21
22
23
24
25
26
27
28

1

**TABLE OF CONTENTS**

2

3

I.    Issues presented.......................................................................1

4

5

II.   There are material facts in dispute regarding the
condition of the restaurant which precludes dismissal........2

6

7

8

A. Legal standards where jurisdictional facts are
inseparable from the merits............................................2

9

10

11

12

13

B. Three of Plaintiff's four claims regarding conditions
he encountered include at least disputed facts, and
in light of the evidence presented, two would warrant
adjudication in Plaintiff's favor if summary judgment
standards applied ............................................................3

14

15

16

17

18

   1.  Order pick-up counter is too high ...............................4
   2.  Missing insulation for under-sink plumbing ..............4
   3.  Grab bars have been installed by are improperly
      located ........................................................................5

19

20

21

III.  Plaintiff has properly alleged facts necessary to establish
his encounter with inaccessible conditions and his intent
to return to the restaurant, and thus has standing ..............6

22

23

24

25

A. Plaintiff properly alleged that he encountered the
non-compliant conditions, and thus has met the
injury-in-fact element of ADA standing..........................7

26

27

28

B. Plaintiff has properly alleged his intent to return to
the restaurant once it is accessible to him, and
Defendants introduce no evidence to controvert

i

these allegations, making this again a facial attack
on the Complaint ............................................................. 8

IV.   The Court should continue to exercise supplemental
jurisdiction even if the federal claims are dismissed ......... 12

A. Judicial economy favors retention of
jurisdiction ................................................................. 12

B. State law claims do not predominate and raise no
novel issues ................................................................ 16

C. State court does not provide a more efficient forum ..... 16

V.    Conclusion ........................................................................ 17

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)

# TABLE OF AUTHORITIES

**Cases**

*Careau Grp. V. United Farm Workers of Am., AFL-CIO,*
    940 F.2d 1291 (9th Cir. 1991)..................................................................2

*Carnegie-Mellon Univ. v. Cohill,*
    484 U.S. 343 (1988). .............................................................................13

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
    631 F.3d 939 (9th Cir. 2011). ...................................................... 4, 6, 11

*Grove v. De La Cruz,*
    407 F. Supp. 2d 1126 (C.D. Cal. 2005) .................................................14

*Hernandez v. Polanco Enterprises, Inc.,*
    624 F. App'x 964 (9th Cir. 2015) ..........................................................14

*In re Larry's Apartment, L.L.C.,*
    249 F.3d 832 (9th Cir.2001) ...................................................................16

*Johnson v. Wayside Prop., Inc.,*
    41 F. Supp. 3d 973 (E.D. Cal. 2014) .....................................................13

*LaFleur v. S&A Family LLC,*
    2014 WL 2212018 (C.D. Cal. 2014) .....................................................15

*Langer v. McHale,*
    2014 WL 5422973 (S.D. Cal. 2014) ......................................................15

*Martinez v. Longs Drug Stores, Inc.,*
    2005 WL 2072013 (E.D. Cal. 2005).......................................................15

*Munson v. Del Taco, Inc.,*
    2006 WL 4704611 (C.D. Cal. 2006) ......................................................15

*Pride v. Correa,*
    719 F.3d 1130 (9th Cir. 2013).................................................................7

iii

*Robert v. Corrothers,*

    812 F.2d 1173 (9th Cir. 1987)................................................................2

*Rosado v. Wyman,*

    397 U.S. 397 (1970). ....................................................................12

*Rosales v. United States,*

    824 F.2d 799 (9th Cir. 1987). ..................................................2

*Safe Air for Everyone v. Meyer,*

    373 F.3d 1035 (9th Cir. 2004)..................................................7

*Schneider v. TRW, Inc.,*

    938 F.2d 986 (9th Cir. 1991) ..................................................12

*United Mine Workers of America v. Gibbs,*

    383 U.S. 715 (1966) ......................................................... 12, 14

**Statutes**

42 U.S.C. § 12101(a)(5)...............................................................10

42 U.S.C. § 12101(b)(1)-(2) .......................................................10

Cal. Civ. Code § 51(f)................................................................14

Cal. Civ. Code § 52(a ................................................................14

Cal. Civ. Code § 55.56................................................................16

**Rules**

Fed. R. Civ. P. 12(b)(1) ..............................................................2

Opposition to Motion to Dismiss          2:16-cv-01248 BRO (JPRx)

# I.    Issues presented

LSJ Investments and Maria J. Romero ("Defendants") ask the Court to dismiss the federal claims in this action on two grounds: 1) that all the conditions about which Michael Lopez ("Plaintiff") complained that denied him full and equal access to the subject restaurant have been fixed, and his federal claim is therefore moot; and 2) Plaintiff's complaint does not adequately establish that he actually encountered non-compliant conditions or that he is likely to return to the restaurant and therefore, under the Americans with Disabilities Act ("ADA"), Plaintiff lacks standing. Once the federal claims are dismissed, argue Defendants, the Court should decline to continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

But there are several problems with Defendants' motion. First, disputed material facts exist as to the condition of the subject property, and a motion to dismiss is improper where jurisdictional factors are inseparable from the merits as they are here. Second, Defendants offer no evidence to suggest Plaintiff will not return to the restaurant, but instead make a facial attack on the Complaint alleging incorrectly that Plaintiff has inadequately pled an intent to return. Last, even if the federal claims are dismissed, judicial economy, fairness, and convenience favor the Court's retention of supplemental jurisdiction. And despite Defendants' assertions, there are simply no issues of comity at play that would warrant yet another litigation in state court.

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)

## II.   There are material facts in dispute regarding the condition of the restaurant which precludes dismissal.

### A. Legal standard where jurisdictional facts are inseparable from the merits.

A court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are separable from the merits.[1]  However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the court should dismiss for lack of jurisdiction *only* if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined facts must be resolved by the trier of fact.[2]

The Ninth Circuit has also cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim.[3] Where the jurisdictional facts are intertwined with the merits, a Rule 56 "summary judgment standard" applies.[4]

As set forth below, there are disputed factual issues that go to the merits of Plaintiff's claim and that must be resolved prior to a jurisdictional determination. A dismissal cannot therefore be granted.

---

[1] *Rosales v. United States*, 824 F.2d 799, 802-803 (9th Cir. 1987).

[2] *Id.*

[3] *See Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

[4] *Id.* at 1177; *Careau Grp. V. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991).

2

**B. Three of Plaintiff's four claims regarding conditions he encountered include at least disputed facts, and in light of the evidence presented, two would warrant adjudication in Plaintiff's favor if summary judgment standards applied.**

Plaintiff has alleged that four conditions prevented his full and equal access to the restaurant during his visit, namely:

1. The doorway to the restroom was too narrow and inaccessible to wheelchair users. (Complt. ¶ 13.)

2. The plumbing underneath the restroom sink was not insulated. (Complt. ¶ 14.)

3. There was no side or rear grab bar in the restroom. (Complt. ¶ 15.)

4. The transaction counter was too high. (Complt. ¶ 16.)

Defendants do not dispute that these conditions existed at the time of Plaintiff's October 2015 visit to the restaurant. (Mtn., Dkt. 29 at 3:24-27.) Instead, they assert through the declaration of defendant Maria Romero that these conditions were resolved during a remodel which took place in June 2016. (Declaration of Maria Romero, Dkt. 29-1 ("Romero Decl."), Exh. 7.)

Plaintiff's consultant, Janis Kent, visited the restaurant in October 2016, well after Defendants' June 2016 remodel, to assess whether the conditions Plaintiff encountered had been resolved. (Declaration of Janis Kent, filed herewith ("Kent Decl."), ¶ 3.) Based upon Ms. Kent's findings, Plaintiff appreciatively concedes that the restroom doorway has been widened and he no longer seeks an injunction on this claim.

However, Ms. Kent found that Plaintiff's claims regarding the counter height remained, as did his claims regarding the restroom grab bars and lavatory insulation. These disputed facts are necessarily

3

intertwined with the jurisdictional issues and go to the merits of Plaintiff's claims, thus precluding a dismissal.

### 1. Order pick-up counter is too high

Ms. Kent found that the interior order pick-up counter is 54 inches high. (Kent Decl., ¶ 4.) The 1991 Americans with Disabilities Act Guidelines for Accessibility ("ADAAG")[5] require that the counter be no more than 36 inches high. ADAAG § 7.2(1). Ms. Romero testifies that the "interior service counter" is no more than 36 inches high, and she provides a photograph purporting to depict the measurement, but the measurement is unintelligible. (Romero Decl., ¶ 10, Exh. 9.) However, the transaction area involves two counters – one counter at which orders are placed, and second where orders are picked-up. (Kent Decl., ¶ 5.) It appears that the first counter was lowered, but not the pick-up counter, leaving the transaction counter inaccessible to Plaintiff.

Plaintiff's consultant has testified with certainty that the order pick-up counter (i.e., a part of the "transaction counter") is 54 inches high. This disputed material fact cannot be resolved in a motion to dismiss.

### 2. Missing insulation for under-sink plumbing

Ms. Kent also found that the plumbing underneath the sink is not fully insulated and Plaintiff remains at risk of contact and injury. (Kent Decl., ¶ 6.) ADAAG § 4.24.6 requires that the hot water and drain pipes

---

[5] The ADAAG, found at 28 C.F.R. pt. 36, appendix A, "provides the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011).

exposed under sinks be insulated or otherwise configured to protect against contact. Ms. Romero testifies only that the pipes have been insulated, not that they are fully covered to protect against contact. (Romero Decl., ¶ 8.)  Thus her testimony is not helpful in determining whether a violation of ADAAG remains. Nor do the photographs Ms. Romero attaches as exhibits even show the lavatory pipes. (Romero Decl., Exh. 8.) Based upon the evidence before the Court, Plaintiff would be entitled to judgment in his favor on this claim were he before the Court on a motion for summary judgment given the lack of disputed facts. Certainly no dismissal in favor of Defendants on this claim is warranted.

### 3. Grab bars have been installed but are improperly positioned.

While Plaintiff acknowledges that side and rear grab bars have been installed since Plaintiff's visit to the restaurant, they are incorrectly located which will once again subject Plaintiff to injury upon his return. (Kent Decl., ¶ 7.)

The rear grab bar is not correctly located 12 inches from the toilet centerline to the side wall and 24 inches from the centerline to the open side as required by ADAAG § 4.16.4; it is about three inches too close to the side wall. (Kent Decl., ¶ 7.)

Similarly, the side grab bar is located only 53 inches from the back wall rather than the 54 inches minimum from the back wall required by ADAAG § 4.16.4. (Kent Decl., ¶ 8.)

These deficiencies are neither insignificant nor petty. As the Ninth Circuit has recognized, "the ADAAG's requirements are as precise as they are thorough, and the difference between compliance and

noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches. *E.g.,* ADAAG § 4.16.4 (requiring grab bar behind water closets to be at least thirty-six inches long)."[6] As such, "[a] court cannot pick and choose which violations it deems serious enough to warrant relief under the Unruh Act . . . The legislature has drawn clear lines with respect to what is legal and what is illegal, and it is not for a court to arbitrarily decide which violations are serious enough to warrant relief." *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1140 (E.D. Cal. 2007).

Ms. Romero merely testifies that grab bars have been installed, but offers no testimony or photographs which provide the Court any information that would allow a determination as to their compliance with ADAAG. (Romero Decl., ¶ 8.) By contrast, Plaintiff has established with competent and undisputed evidence that the grab bars are not properly located and thus are a violation of the ADA. As was the case with the lavatory piping insulation, if this were a motion for summary judgment, this would be an undisputed fact entitling Plaintiff to adjudication on this claim in his favor. No dismissal is appropriate.

### III.   Plaintiff has properly alleged facts necessary to establish his encounter with inaccessible conditions and his intent to return to the restaurant, and thus has standing.

An ADA Plaintiff establishes standing by demonstrating an injury-in-fact, namely an encounter with a condition that violates the ADA and interferes with his full and equal access on account of his disability, coupled with an intent to return or deterrence in returning to the non-

---

[6] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d at 945–46.

compliant business.[7]  Defendants attack both elements, each of which will be discussed in turn below.

### A. Plaintiff properly alleged that he encountered the non-compliant conditions, and thus has met the injury-in-fact element of ADA standing.

Defendants assert that Plaintiff only alleged the existence of various non-compliant conditions in his complaint, not that he encountered them. (Mtn. at 3:5-11.)  Defendants are incorrect. The Complaint alleges that "Plaintiff personally encountered these violations and they denied him full and equal access." (Complt. ¶ 18.) Plaintiff also alleged that his encounter with these conditions caused him "difficulty, discomfort or embarrassment." (Complt. ¶ 39.)

A Rule 12(b)(1) attack on the complaint can be facial or factual.[8] Defendants offer no evidence to controvert Plaintiff's claims, and thus this is a facial attack on the Complaint. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."[9] Plaintiff adequately alleged that he encountered the identified conditions, and that his encounter with these conditions caused him harm. Because Defendants make a facial attack, "all factual allegations in [Plaintiff's] complaint are taken as true and all reasonable inferences are drawn in his favor."[10]

Even if extrinsic evidence were considered, although never referenced in support of Defendants' argument that Plaintiff has not

---

[7] *Id.* at 953.
[8] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[9] *Id.*
[10] *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

demonstrated an injury-in-fact, Defendants' own evidence supports Plaintiff's encounter with the conditions identified in the Complaint. Defendants provide Plaintiff's responses to interrogatories as an exhibit to their motion. (Declaration of Stephen Abraham, Dkt. 29-2, Exh. 1). Response to interrogatory number 6 clearly identifies the non-compliant conditions encountered by Plaintiff and how they interfered with his full and equal access; the response even identifies an employee to whom Plaintiff complained about his encounter with these barriers.

The allegations in the Complaint establish that Plaintiff encountered conditions which injured him on account of his disability, and thus Plaintiff has properly alleged his injury-in-fact. Even if Defendants' argument is characterized as a factual attack, Plaintiff's verified responses to discovery support his complaint allegations that he both encountered barriers and was harmed by them.

**B. Plaintiff has properly alleged his intent to return to the Restaurant once it is accessible to him, and Defendants introduce no evidence to controvert these allegations, making this again a facial attack on the Complaint.**

The Ninth Circuit, sitting en banc, has held that there are two alternative methods of establishing a likelihood of future injury in a Title III ADA matter. The court held that a disabled plaintiff has standing to sue for injunctive relief either where: (1) he intends to return to the business and will face existing barriers when she does; or (2) he does not intend to return and, in fact, is deterred from doing so because of the existence of the barriers he knows to exist at the business:

> Demonstrating an intent to return to a noncompliant accommodation *is but one way* for an injured plaintiff to establish

Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.

[*Chapman*, 631 F.3d at 946 (emphasis added).]

Thus, under binding Ninth Circuit precedence, a disabled plaintiff does not need to have any specific intent to return to enjoy standing, but instead may establish that he is deterred from returning because of the existence of the barriers to his access. Defendants largely ignore this alternative to standing, and simply assert that there are no longer any barriers and therefore, Plaintiff cannot be deterred. However, as detailed above, Plaintiff continues to believe barriers remain and thus he continues to be deterred from returning.

Defendants argue that Plaintiff has no intent to return to the restaurant. However, they offer no evidence in support of their position, save for reference to Plaintiff's refusal to respond to their interrogatory number 9 requesting identification of all other businesses Plaintiff patronized or attempted to patronize between June 1, 2015 and January 31, 2016 in Los Angeles County. (Mtn. at 6:24-7:1.) This "evidence" is irrelevant as to whether Plaintiff intends to return to the subject restaurant, and Defendants never moved to compel further responses. The lack of a response can hardly constitute evidence, especially when any such response would have no bearing on the issue at hand.

The remainder of Defendants' arguments are wholly unsupported. Defendants claim, but offer no evidence in support, that Plaintiff "lives miles from the restaurant," and that there are "scores of other

9

restaurants between then [sic] and nothing to distinguish this one restaurant from any other." (Mtn. at 6:17-23.) As discussed above, in order to transform this motion into a factual attack on the complaint whereby the allegations are not taken as true, Defendants were required to provide competent evidence controverting Plaintiff's claims. They have not done so.

These arguments notwithstanding, even if there were "scores" of other restaurants to choose from, Defendants' position is discriminatory on its face. Where able-bodied persons do not have to circumscribe their dining options, Defendants' position argued to its logical conclusion is that as long as there is at least one accessible restaurant nearby (presumably it is of no consequence what that restaurant serves, if the food or service are good, or if Plaintiff actually desires to eat there), Plaintiff has no standing to seek full and equal access to any other restaurant.

This position flies in the face of the ADA which was enacted in part because "individuals with disabilities continually encounter various forms of discrimination, including . . . the discriminatory effects of architectural . . . barriers."[11] As such, Congress declared that the purpose of the ADA is "to provide a clear and comprehensive national mandate for the *elimination of discrimination* against individuals with disabilities."[12] In other words, the ADA's intent is to make the *entire* architectural landscape accessible to persons with disabilities, not carve out a few safe places as Defendants argue.

Nonetheless, Plaintiff alleged in his Complaint that he "is and has been deterred from returning and patronizing the Restraurant [sic]

---

[11] 42 U.S.C. § 12101(a)(5).

[12] 42 U.S.C. § 12101(b)(1)-(2) (emphasis added).

because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the Restaurant to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed." (Complt. ¶ 22.)  Plaintiff also alleged that "[g]iven its location and options, the Restaurant is a location that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities." (Complt. ¶ 36.)

The Ninth Circuit has recognized that an ADA Plaintiff has standing when he visits a business and encounters barriers to his access, and that his subsequent deterrence from returning based on those inaccessible conditions confers standing.[13]  In other words, it would be ridiculous to expect a person with a disability to continue to injure himself by returning to a business that discriminates against him. An ADA Plaintiff cannot have any specific plans to return because he has no control over when the Defendants remove the barriers that deter him from returning.

Defendants introduce no evidence to overcome Plaintiff's clear allegations that he intends to return once the restaurant is made accessible to him. Therefore, Plaintiff has adequately demonstrated his intent to return but deterrence from currently doing so, and that he has standing to seek the relief requested through this action.

---

[13] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d at 949–50.

11

**IV.   The Court should continue to exercise supplemental jurisdiction even if the federal claims are dismissed.**

**A. Judicial economy favors retention of jurisdiction.**

Plaintiff does not believe the Court will reach this question because Plaintiff has standing, the federal claim is not moot, and therefore no dismissal is appropriate. However, even in the event Plaintiff's ADA claim for injunctive relief were to be dismissed, the factors used to evaluate the propriety of retaining jurisdiction over state law claims heavily favor the Court maintaining this action.

When the federal claims are dismissed from the case, the district court has discretion whether to maintain its supplemental jurisdiction over the state claims or dismiss them.[14] The "justification" underlying the decision whether to maintain supplemental jurisdiction or dismiss a case "lies in considerations of judicial economy, convenience and fairness to litigants . . . ."[15] In fact, the Courts have recognized that judicial economy is the "*essential policy* behind the modern doctrine of pendent jurisdiction" and it supports "the retention of pendent jurisdiction in any case where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort."[16]

Some courts have done what the defense does in this case and perfunctorily cited *Gibbs* for the proposition that where the federal claims are dismissed before trial, the state claims should be dismissed as well, as if this ended the discussion.[17] But the Supreme Court has

---

[14] *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991).
[15] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).
[16] *Id.* (emphasis added), citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).
[17] *See Gibbs*, 383 U.S. at 726; Mtn. at 10:4-9.

subsequently "shunned" any sort of knee-jerk dismissal preference in favor of a "common sense policy of pendent jurisdiction - the conservation of judicial energy and the avoidance of multiplicity of litigation."[18] The Supreme Court itself has "made clear that [its *Gibbs*] statement does not establish a mandatory rule to be applied inflexibly in all cases."[19]

In other words, there must be a consideration of the impact that dismissal will have on judicial economy with an eye towards the avoidance of multiplicity of litigation. "In deciding whether to extend supplemental jurisdiction over pendent state claims, courts must consider and weigh whether the extension of jurisdiction will serve the principles of judicial economy, convenience and fairness to the litigants, and comity to the states."[20]

Here, Defendants have already conceded that the discriminatory and non-compliant conditions at the restaurant Plaintiff complained about existed at the time of Plaintiff's visit. (Mtn. at 3:24-27.) While Defendants make a vague argument that remediating those conditions was not readily achievable, the fact that they removed the barriers belies that argument. "Because defendants were able to alter their facility to comply with the ADA within a month, there is no genuine dispute that the changes it implemented were 'readily achievable.'"[21]

The plaintiff's remaining state claim is for a single statutory penalty of $4,000. This Court acts properly in keeping and ruling upon the modest remaining state claim and it certainly does not infringe upon any principle of comity, especially given that the state claim is entirely

---

[18] *Rosado*, 397 U.S. at 405.
[19] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 (1988).
[20] *Id.*
[21] *Johnson v. Wayside Prop., Inc.*, 41 F. Supp. 3d 973, 978 (E.D. Cal. 2014).

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)

predicated upon a federal violation.[22] In fact, the concept of comity weighs heavily *in favor of* keeping the present case in federal court under these circumstances. "There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong."[23]

In fact, Plaintiff's counsel has found that most district courts that actually take the time to weigh the factors will keep supplemental jurisdiction over the state claims under these circumstances. See, for example the following cases:

*Hernandez v. Polanco Enterprises, Inc.,* 624 F. App'x 964 (9th Cir. 2015) (where the plaintiff brought an ADA/Unruh barrier case. The defendants fixed the violations and mooted the ADA claim. The district erred by finding the Unruh Act claim also moot. The Ninth Circuit reversed and directed the district court to not only exercise jurisdiction but reach the merits of the Unruh Act claim. *Id.*at *1.

*Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) ("Because plaintiff's state law claims arise from the same conduct as her ADA claims, and because discovery and motion practice are complete with respect to the state law claims, the Court finds that these values are best served by retaining jurisdiction over plaintiff's state law claims, and accordingly, reaches the merits of these claims.").

---

[22] Cal. Civ. Code § 51(f) provides that a violation of the ADA is an automatic violation of the California Unruh Civil Rights Act, thereby entitling Plaintiff to minimum statutory damages of $4,000 under California Civil Code section 52(a).
[23] *Gibbs*, 383 U.S. at 727.

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)

*LaFleur v. S&A Family LLC*, 2014 WL 2212018, *5 (C.D. Cal. 2014) (finding the ADA claim moot but maintaining supplemental jurisdiction over the Unruh claim and holding, "in this action, the considerations of judicial economy, convenience, and fairness outweigh the principle of comity. Because LaFleur's state law claims arise from the same conduct as her ADA claim . . . dismissing this action at this stage of proceedings would be a waste of judicial resources. Furthermore, this action does not present novel or complex issues of state law because the state claims are premised entirely on the ADA violation and seek only a single statutory award under state law. Therefore, economy, convenience, and fairness are best served by retaining jurisdiction over LaFleur's state claims.")

*Munson v. Del Taco, Inc.*, 2006 WL 4704611, *6 (C.D. Cal. 2006) (granting the defense motion for summary adjudication of the ADA barrier claim on the basis of fixed-mootness but then exercising supplemental jurisdiction over the state claim, granting the plaintiff's motion for summary adjudication of the Unruh Civil Rights Act).

*Martinez v. Longs Drug Stores, Inc.*, 2005 WL 2072013, *6 (E.D. Cal. 2005) (same).

*Langer v. McHale*, 2014 WL 5422973, *1 (S.D. Cal. 2014) ("As stated at the hearing, this case has been heavily litigated in this Court. It would be unreasonable to require Plaintiff to refile the damage claims in state court after litigating the matter for almost one year.")

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)

There is little left to be determined on Plaintiff's pendent claims. Defendants concede the conditions encountered by Plaintiff existed at the time of his visit, and Plaintiff has demonstrated that those conditions violated the ADA. Plaintiff has therefore stated a claim under the California Unruh Civil Rights Act. All that remains is for Plaintiff to establish that he suffered difficulty, discomfort or embarrassment as a result of his encounter with these conditions – admittedly a low threshold. Cal. Civ. Code § 55.56.

### B. State law claims do not predominate and raise no novel issues.

As discussed above, Plaintiff's state law claim is entirely predicated on his ADA claim. The only additional showing required for him to obtain damages is that he have suffered difficulty, discomfort or embarrassment. This hardly predominates or raises novel issues.

Defendants' chronicling of California's pleading standards is of no consequence when determining whether this Court should retain jurisdiction since it will continue to apply federal procedural requirements.[24]  Defendants have identified not a single novel issue that would call comity into question.

### C. State court does not provide a more efficient forum.

Defendants oddly argue that proceeding in California's Small Claims Court would be more efficient. But filing fees here have already been paid, discovery undertaken, and only a single issue remains to be

---

[24] *In re Larry's Apartment, L.L.C.,* 249 F.3d 832, 837 (9th Cir.2001) ("It is well established that '[u]nder the *Erie* doctrine [citation omitted], federal courts sitting in diversity apply state substantive law and federal procedural law.'" (quoting *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427 (1996).)

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)

resolved. Starting all over again, whether in Small Claims Court or otherwise, is anything but convenient for a case that has already been litigated for nearly a year.

## V.    Conclusion

Ironically, if a summary judgment standard applied, Plaintiff would be entitled to judgment on his ADA claim, and an injunction requiring that the pipes under the sink be fully insulated and the grab bars properly located. With regards to the transaction counter, disputed issues of fact exist that preclude dismissal. But Plaintiff again appreciatively concedes that his claim regarding the restroom doorway width has been resolved by Defendants' actions during the pendency of this action.

Plaintiff has properly pled that he encountered the conditions alleged in his complaint, and that he intends to return to the restaurant. Defendants have put forth absolutely no evidence that would convert their motion into a factual attack on Plaintiff's standing. As such, Plaintiff's complaint survives the motion to dismiss as to standing.

There is no dispute that the conditions complained about existed at the time of Plaintiff's visit, or that these conditions violated the ADA. As such, Defendants have as a matter of law violated the Unruh Civil Rights Act, entitling Plaintiff to $4,000 in statutory damages upon the minimal additional showing that he suffered difficulty, discomfort or embarrassment. Even if the federal claim was dismissed, this final straightforward claim should be resolved by this Court, not dismissed thereby forcing the parties to pay additional filing fees and re-litigate what has already been litigated for nearly a year.

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)

Plaintiff respectfully requests that Defendants' motion to dismiss be denied. Alternatively, if the federal claim is dismissed, Plaintiff respectfully requests that the Court continue to exercise supplemental jurisdiction to resolve Plaintiff's request for $4,000 in statutory damages.

Dated: December 19, 2016

CENTER FOR DISABILITY ACCESS

By: /s/ Mark D. Potter            .
Mark D. Potter, Esq.
Attorneys for Plaintiff, Michael Lopez

Opposition to Motion to Dismiss                    2:16-cv-01248 BRO (JPRx)